# JUNE, 1938

SHELL PETROLEUM CORPORATION ET AL. v. MARY JANE GRAYS ET AL.

No. 7011.   Decided March 30, 1938.
Rehearing overruled June 1, 1938.
(114 S. W., 2d Series, 869.)

*Thompson, Mitchell, Thompson & Young* and *W. K. Koerner,* all of St. Louis, *P. G. McElwee,* of Longview, *Allen & Morton* and *Hiner & Pannill,* all of Fort Worth, *Witt, Terrell & Witt,* of Waco, and *Y. P. Broome,* of Tulsa, Oklahoma, for plaintiffs in error.

*Weatherby & Rogers,* of Waco, for defendants in error.

MR. JUDGE MARTIN delivered the opinion for the Commission of Appeals, Section B.

The factual background of the case before us is fully stated in the opinion of the Court of Civil Appeals, affirming judgment of the trial court.

In view of the disposition we make of this case, it will not be necessary to do more than briefly mention a few of the controlling facts.

Plaintiffs in error filed a plea of privilege which was overruled. A receiver was then appointed. Upon appeal from these orders, they were both reversed and cause remanded. Tidal Oil Co. v. Grays et al., 54 S. W. (2d) 1043, 64 S. W. (2d) 405; Shell Petroleum Corp. et al. v. Grays et al., 122 Texas 491, 62 S. W. (2d) 113. Pending appeal the receiver acted to protect and preserve the properties in controversy, and before the final disposition of said appeal the final report of the receiver was ap-

proved, he was allowed to retain from the assets on hand the sum of $7500 as a fee, and was finally discharged. This final order was affirmed. Shell Petroleum Corp. et al. v. Grays et al., 87 S. W. (2d) 289. Writ of error was granted upon the first assignment reading as follows:

"The Honorable Court of Civil Appeals erred in holding that the district court did not err in allowing the receiver large fees and expenses because, the trial court erroneously overruled defendant's plea of privilege, and thereafter erroneously appointed a receiver, and defendants having appealed, by separate appeals, from said orders and having perfected said appeals, and pending such appeals the district court having entered an order in said cause discharging said receiver and allowing him to retain large assets of defendant for his fees and expenses; and thereafter, the Court of Civil Appeals having reversed the order overruling the plea of privilege and ordered the cause transferred to the district court of Gregg County, the reversal and such order vacated all subsequent orders and decrees of the district court."

Other assignments are regarded as raising substantially and only the question raised in the one just quoted.

" * * * the decisions uniformly hold that the Supreme Court has no authority to review a decision of the Court of Civil Appeals except upon the specific assignments contained in the petition for writ of error, * * * ." 3 Tex. Jur., p. 297.

"An appellant or plaintiff in error may not complain of errors which do not injuriously affect him, or which merely affect the rights of others." 3 Tex. Jur., p. 1026.

There was no judgment entered taxing the costs of receivership against plaintiffs in error. Indeed the record affirmatively shows that the question of final liability for the costs of receivership was left open for decision by the District Court of Gregg County to which the case was transferred. The assignments here present for our determination the naked question of the alleged error of fixing the amount of the receiver's fees and costs, as distinguished from taxing such amounts against plaintiffs in error and ordering payment by them of such items. Nothing but an academic question of law is before us. Manifestly no injury has occurred to the complaining party by the mere determination of the amount of costs, which may be, or for that matter, may have already been paid by defendants in error. The property in controversy was jointly owned, and no attempt was made to show that the interest owned by parties other than plaintiffs in error, was not amply sufficient to take care of all these receivership costs. To illustrate the necessity for our present holding

suppose the Gregg County District Court has already adjudged all such costs against defendants in error, who have willingly paid same. Plainly, in such case, any holding we might make would be an idle ceremony. The present record shows that a motion to tax such costs against defendants in error was filed but never presented to or tried by the District Court of McLennan County, and was transferred to the District Court of Gregg County for action by that Court as before mentioned. Unless and until it is shown that plaintiffs in error have been injuriously affected by some action of an inferior court, this Court obviously has nothing before it for decision.

A motion to dismiss the writ granted in this case has been recently filed.

It is granted. That portion of the order complained of in the application for writ of error presents nothing for review by this Court under the record before us.

Writ of error dismissed.

Opinion adopted by the Supreme Court March 30, 1938.

Rehearing overruled June 1, 1938.