CNL FINANCIAL CORPORATION,
Appellant,

v.

J. T. HEWLETT et al., Appellees.

No. 7837.

Court of Civil Appeals of Texas,
Beaumont.

July 8, 1976.

Rehearing Denied July 29, 1976.

Don L. Baker, Austin, for appellant.

Douglass D. Hearne, Austin, for appellees.

KEITH, Justice.

Plaintiffs, Hewlett and Thurman, brought suit against Maryland Fried Chicken of America, Inc., a Georgia corporation, and Maryland Fried Chicken, Inc., a Delaware corporation, for damages arising upon the wrongful termination or breach of a commercial lease agreement. The Georgia corporation had originally executed the agreement as lessee but was later merged into the Delaware corporation which, as the surviving corporation, assumed all of the liabilities of the former, including those made the basis of this action. We are not further concerned with the details of this intercorporate relationship and will simply refer to the original lessee as MFC.

Plaintiffs also sued First Macon Corporation upon a written guaranty of the MFC lease. The name of this corporation had been changed to CNL Financial Corporation and we will refer to it henceforth simply as CNL or guarantor.

MFC defaulted and CNL answered by a general denial. Upon appropriate jury findings which reach us without challenge as to either form or evidentiary support, judgment was entered for the plaintiffs for their past due installments of rent, for the present value of future rental payments, for the unpaid taxes, and for their attorneys' fees.

In the first two points of error, CNL contends that the judgment was erroneous because no demand was ever made upon it for payment of the sums in default by MFC before suit was filed. We pause to note that under the terms of the guaranty agreement, CNL bound itself that it would *upon demand* "pay the said rent or any arrears thereof, or any other sum or sums provided to be paid by the tenant under any of the terms of the within Lease, that may remain due unto the said Landlord, * * * "

Our record is not too clear as to the making of demand by plaintiffs on CNL before the institution of suit, one of the plaintiffs being somewhat equivocal in his testimony and there was no evidence of a written demand having been presented. CNL offered no evidence upon the trial. So, for the purpose of passing upon these points, we will assume, as CNL contends, that no formal demand was made upon it before suit was filed. Yet and still, we find no error and overrule points one and two for the reasons now to be stated.

■ As noted earlier, CNL answered only by a general denial and had no special pleas of any kind. Under Rule 94, Tex.R. Civ.P., all defenses in the nature of confession and avoidance are affirmative defenses which must be specially pleaded. The late Justice Frank Wilson addressed the point directly in *Young v. J. F. Zimmerman & Sons, Inc.,* 434 S.W.2d 926, 927 (Tex.Civ. App.—Waco 1968, writ dism'd):

"Failure to make demand is an affirmative defense under Rule 94, Texas Rules of Civil Procedure. Appellants waived the defense by failure to plead it. *Durrum v. Hendrick,* 4 Tex. 495; *Gresham v. McElroy,* Tex.Civ.App., 309 S.W.2d 84, 90 syl. 5."

■ Moreover, even if CNL had pleaded the defense, as required under Rule 94, the case was tried to a jury and it made no request for a special issue submitting any such defense as required by Rule 279, Tex. R.Civ.P. Thus, for this additional reason, the defense was waived. See *Glens Falls Insurance Co. v. Peters,* 386 S.W.2d 529, 531 (Tex.1965).

■ In its third and fourth points of error, CNL contends that the trial court erred in rendering a judgment for damages in excess of the amounts properly rendered against the defaulting primary obligor on the lease, MFC. This contention is based upon the fact that not all of the trial pleadings were served upon the defaulting principal, MFC; and, CNL argues that it is error for a trial court to enter judgment against a defaulting defendant for any sum greater than that set out in the pleading which was served upon such defendant. We experience no difficulty in accepting this as a general rule, but do not find it applicable here.

■ CNL has no standing to urge such a contention. Only MFC can complain that the judgment is erroneous as to it; and, MFC has not appealed from the judgment and is not before this court in any form. Insofar as this record shows, plaintiffs below have a valid judgment against MFC and CNL, jointly and severally. CNL makes no contention that it did not have sufficient actual knowledge of the demands of the plaintiffs to support the judgment entered against it.

■ We invoke the fundamental rule of procedure that one may not complain of errors in a judgment which do not injuriously affect him or which merely affect the rights of others. *Shell Petroleum Corpora-*

*tion v. Grays,* 131 Tex. 515, 114 S.W.2d 869, 870 (1938).

It is the general rule in this state that " '[t]he right of review on appeal is limited to errors which are prejudicial, and the burden, at least prima facie, of showing prejudice, is on appellant.' " *Gilson v. Universal Realty Co.,* 378 S.W.2d 115, 121 (Tex. Civ.App.—Houston 1964, writ ref'd n. r. e.). CNL having no standing to make the complaint which it now urges, we overrule points three and four.

Having found no error in the proceedings, the judgment of the trial court is affirmed.

STEPHENSON, J., not participating.