Rodman Edward **GORMAN**, Appellant,

v.

Sharon Elaine **GORMAN**, Appellee.

No. 01–96–00364–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 16, 1998.

---

860

 

Clinard J. Hanby, Woodlands, Houston, for Appellant.

Tom Alexander, Vicki L. Pinak, Houston, for Appellee.

Before MIRABAL, WILSON and TAFT, JJ.

## OPINION ON MOTION
## FOR REHEARING

TAFT, Justice.

The appellant has filed a motion for rehearing in this case. We deny the motion, but withdraw our previous opinion and issue this one in its stead in order to address some of the appellant's rehearing arguments. The disposition of the case remains the same.

Rodman Edward Gorman, the settlor of the Gorman Children's Trust (the Trust), a named defendant in the court below and appellant here, appeals from a judgment that:

(1) Granted a summary judgment in favor of the appellee, Sharon Elaine Gorman, his former wife and also a named defendant in the court below, which in essence invalidated the Trust or found that it had been revoked if it ever existed, and awarded her "the cash residue from the bankruptcy court amounting to the funds deposited in the trial court's registry."

(2) As a sanction under Tex.R.Civ.P. 13 and/or pursuant to the declaratory judgment act under which Mrs. Gorman cross-claimed, awarded attorney's fees in favor of Mrs. Gorman and against Robert L. Silvers, trustee of the Trust, the Trust, and Mr. Gorman, jointly and severally.

(3) Granted a nonsuit for Mr. Gorman's trustee in bankruptcy, Gary Knostman, also a named defendant in the court below.

On appeal, Mr. Gorman contends the trial court erred in granting the summary judgment invalidating the Trust and in awarding attorney's fees against him under either the declaratory judgment act, Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1997), or Tex.R.Civ.P. 13.

## Background

On January 10, 1989, Mr. Gorman established a trust in the amount of $75,000 (naming himself and Mrs. Gorman as settlors) for the welfare, maintenance, and education of their children through college, to be funded with his personal earnings.[1] There was a line for Mrs. Gorman's signature, but she refused to sign. Three weeks after Mr. Gorman executed the trust indenture, he filed for divorce from Mrs. Gorman. Approximately eight months later, on September 8, 1989, Mr. Gorman filed for bankruptcy and was listed as the debtor in the bankruptcy proceeding.

On September 28, 1992, Mr. Gorman and the Gorman's three children filed a motion to intervene on behalf of the Trust in the divorce proceeding. Mrs. Gorman filed a motion to deny the intervention. On October 19, 1992, the trial court granted Mrs. Gorman's motion to deny the intervention. The order does not state anything about the children obtaining or seeking relief in the bankruptcy court. The children filed a proof of claim with the bankruptcy court, which designated the Trust as a creditor, for $75,000. Mrs. Gorman filed a motion to dismiss with the bankruptcy court alleging the bankruptcy action and the Trust were shams to deprive her of her property. As a result, the bankruptcy court converted the action from a chapter 11 proceeding to a chapter 7 proceeding and appointed a bankruptcy trustee to investigate preferential transfers and specific claims, including the claims by the Trust. There is nothing in the record indicating any determination by the bankruptcy trustee in regard to the Trust. The Trust thereafter voluntarily withdrew its claim.[2]

In the divorce proceeding, Mrs. Gorman listed as community property the $20,000 in the Trust and the $486,000 annuity which was the purported source of funding for the Trust. The divorce decree entered November 3, 1992, does not specifically mention these assets. The divorce decree awarded to Mrs. Gorman as her sole and separate property, "all of the cash residue, if any, to be distributed from [Mr. Gorman's] bankruptcy proceeding. . . . Such residue is the portion belonging to debtor that is remaining after debts and costs of administration have been paid. It is ordered and decreed that Sharon Elaine Gorman's cash residue is to be paid directly to Sharon Elaine Gorman."

## Procedural History

On October 27, 1992, the Trust, by and through Silvers, filed this lawsuit in state district court against Mr. Gorman, Mrs. Gorman, and Gary Knostman, bankruptcy trustee for Mr. Gorman, as defendants. The Trust sued to recover the $75,000 that Mr. Gorman had pledged to the Trust. Mrs. Gorman answered the suit and filed a cross-claim for (1) a declaratory judgment that the Trust was not valid, (2) damages against the trustee for a frivolous suit, and (3) attorney's fees. The Trust answered Mrs. Gorman's cross-claim with a general denial. The trial court granted a nonsuit for Knostman. Knostman deposited the residue of the funds he held as bankruptcy trustee, $93,956.50, in the trial court's registry, per agreement of the parties entered into in the bankruptcy proceeding.

On June 30, 1994, Mrs. Gorman filed a "1994 Motion for Partial Summary Judgment" against the Trust, alleging: (1) no trust exists, (2) res judicata, and (3) waiver. She also requested a declaratory judgment that "the purported Trust is not a valid Trust

1. The trust indenture provides: "I do by this indenture grant, convey, assign, and otherwise give, over to the Trustee the absolute right to receive for the next three years, the first $25,000 per year, from the annual proceeds paid in January of each year by John O'Quinn P.C., from an annuity payment . . . for the benefit of Robert Guantt." Mr. and Mrs. Gorman were separated at this time. The $75,000 was money that John O'Quinn owed to Mr. Gorman, an attorney, from the settlement of the Guantt case. A letter from O'Quinn to Mr. Gorman provides: "When those funds are received by me, I will deliver to you your $156,000 portion out of each payment; . . . should any adverse claims be made against it, I will simply escrow those funds to have it resolved by a court or an agreement." Mr. Gorman indicated in the trust indenture that he and Mrs. Gorman created the Trust.

2. The withdrawal states the claim was filed on January 9, 1990, for $75,000, and then voluntarily withdrawn from the court on February 27, 1991.

and that [Sharon Gorman] has no liability thereunder." Mr. Gorman, defendant in the case, filed a pro se response to Mrs. Gorman's motion for summary judgment which was directed only at the Trust and trustee.

On July 29, 1994, the trial court granted Mrs. Gorman's motion for partial summary judgment against the Trust and a declaratory judgment that "she was entitled to the cash residue from the bankruptcy court amounting to the funds deposited in the trial court's registry." However, it was an interlocutory judgment because it did not dispose of Mrs. Gorman's attorney's fees claims, nor did it dispose of the Trust's claims against Mr. Gorman as a defendant.

On November 21, 1994, after the ruling on the partial summary judgment and declaratory judgment against the Trust, Mrs. Gorman filed her first cross-claim against Mr. Gorman asserting he and the trustee brought a frivolous suit under TEX.R.CIV.P. 13, and requesting attorney's fees. Mrs. Gorman also requested a declaratory judgment that "the alleged Trust is not a valid Trust; that in the alternative, it has been revoked if it ever existed; and that Sharon Gorman has no liability thereunder...." She also requested attorney's fees pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 from Silvers "in his individual capacity and from the nominal defendant [Mr. Gorman] who is the plaintiff." We note that Mr. Gorman had not filed any pleadings against Mrs. Gorman as of this date, except his response to her motion for partial summary judgment against the Trust. She alleged that Mr. Gorman and Silvers had depleted the bankruptcy estate by $50,000. Both Silvers and Mr. Gorman filed general denials to Mrs. Gorman's claims. Mr. Gorman filed a motion for sanctions against Mrs. Gorman and her attorney under TEX.R.CIV.P. 13. Mr. Gorman also filed a cross-claim against Mrs. Gorman requesting indemnity and contribution from Mrs. Gorman for any liability he had to the plaintiff trust, and his attorney's fees.

The trial court later held a hearing on the motion for sanctions under TEX.R.CIV.P. 13. It entered a final judgment awarding Mrs. Gorman $45,000 in attorney's fees under the declaratory judgment act and, alternatively, as sanctions under rule 13 against the Trust by and through trustee Silvers and Mr. Gorman, jointly and severally.

The trial court filed findings of fact and conclusions of law:

1. The suit was instituted by Robert L. Silvers, acting as trustee but at the specific insistence and request of Defendant Rodman Edward Gorman.

2. Given the relationship of the parties and their history in other forums, which is evident from among other things, the summary judgment evidence and the procedural history of the case, this litigation should have never been brought. The only purpose served by this litigation was to frustrate Defendant Sharon Elaine Gorman's interest and keep her from receiving the benefit of agreements previously made, and the decree of divorce between her and Rodman Edward Gorman, which benefits included the previously determined allocation of the community estate.

3. The litigation was groundless and brought in bad faith.

4. The litigation was groundless and brought for the purpose of harassing Sharon Elaine Gorman.

5. By groundless, in the above two findings, the Court finds that the litigation and the positions taken by the Plaintiff and joined by Defendant Rodman Edward Gorman had no basis in law or fact and were not warranted by good faith arguments for the extension, modification or reversal of existing law.

6. Both the plaintiffs and Rodman Edward Gorman share responsibility for both the institution and continued prosecution of this suit.

7. Rodman Edward Gorman, a lawyer, advised Robert L. Silvers, a client of his, in connection with his role in the lawsuit.

8. Rodman Edward Gorman arranged for the representation of the Plaintiff which appeared as a matter of record and made arrangements for any compensation that would be paid to the Plaintiff's counsel.

9. Rodman Edward Gorman, although ostensibly adverse to Plaintiff, acted at all

material times in cooperation with the Plaintiff.

10. The case was unnecessarily extended by the acts of the Plaintiff and Rodman Edward Gorman.

11. The conduct of the Plaintiff and Rodman Edward Gorman is sanctionable pursuant to Rule 13 of the Texas Rules of Civil Procedure.

12. The violation of Rule 13 justifies the award of attorney's fees in the amounts assessed and awarded in the judgment to Sharon Elaine Gorman.

13. The amounts awarded to Sharon Elaine Gorman are the costs and reasonable necessary attorney's fees which the Court finds to be equitable and just under the circumstances of this case pursuant to § 37.009 of the Texas Civil Practice and Remedies Code.

## Summary Judgment

In Mr. Gorman's first point of error, he contends the trial court erred in granting Mrs. Gorman's motion for summary judgment.

### A. Standard of Review

The rules for review of a summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

A summary judgment disposing of the entire case is only proper, if, as a matter of law, the plaintiff could not succeed on any of the theories pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). We will affirm the judgment if any of the theories advanced in the motion for summary judg-

ment are meritorious. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

### B. Standing

First, we address whether Mr. Gorman has standing to appeal the partial summary judgment granted to Mrs. Gorman and against the Trust. Standing is a component of subject matter jurisdiction. It cannot be waived and may be raised for the first time on appeal. *Texas Ass'n of Bus. v. Air Control Bd.,* 852 S.W.2d 440, 445–46 (Tex.1993). A party may not complain of errors that do not injuriously affect it or that merely affect the rights of others. *Shell Petroleum Co. v. Grays,* 131 Tex. 515, 114 S.W.2d 869, 870 (1938). A party of record is normally entitled to appeal; however, that party's own interest must be prejudiced before it has standing to appeal. *Reynolds v. Reynolds,* 860 S.W.2d 568, 570 (Tex.App.—Dallas 1993, writ denied). An appellant has the burden of making a prima facie showing of prejudice. *CNL Fin. Corp. v. Hewlett,* 539 S.W.2d 176, 178 (Tex.App.—Beaumont 1976, writ ref'd n.r.e.).

Mr. Gorman, the appellant, has not made a prima facie showing that he has been prejudiced by the partial summary judgment ordering that Mrs. Gorman is entitled to the money in the trial court registry. The only party who sued Mrs. Gorman or had a summary judgment granted against it was the Trust. Mr. Gorman was a defendant in the trial court. The trial court granted Mrs. Gorman's take-nothing partial summary judgment and declaratory judgment against the Trust only. On appeal, Mr. Gorman challenges the partial motion for summary judgment granted against the Trust.

The Trust sued Mr. Gorman, Mrs. Gorman, and Knostman as defendants. Mr. Gorman filed a general denial to the Trust's action against him as a defendant. Mrs. Gorman filed the motion for summary judgment "against plaintiff, styled 'The Gorman's Children's Trust by and Through Robert L. Silvers, Trustee'...." The trial court's interlocutory order of July 29, 1994, granting Mrs. Gorman's motion for partial summary judgment, provides:

There is no genuine issue as to any material fact and Defendant SHARON ELAINE GORMAN is entitled to judgment as a matter of law on the issues set out in her Motion.

It is therefore ORDERED ADJUDGED and DECREED that SHARON ELAINE GORMAN have judgment against Plaintiff and that Plaintiff TAKE NOTHING from her . . . .

Further the Court DECLARES that Defendant SHARON ELAINE GORMAN is entitled to all of the cash residue to be distributed from that certain bankruptcy proceeding ... remaining after debts and cost of administration have been paid, which amounts to the funds that have been deposited in the registry of this Court by Bankruptcy Trustee Gary Knostman.

It is further ORDERED that, upon receipt of a copy of this order, Kathryn Tyra, District Clerk ... issue to SHARON ELAINE GORMAN from the registry of the Court ... all funds therein plus any accrued interest thereon.

■ We emphasize that, at the time the trial court ordered the partial summary judgment and the declaratory judgment, Mr. and Mrs. Gorman did not have any cross-claims filed against each other in this case. The interlocutory summary judgment order does not dispose of the Trust's claims against Mr. Gorman. There is no finding of Mr. Gorman's liability. The money from the trial court's registry was paid to Mrs. Gorman as a result of the declaratory judgment. Mr. Gorman is not personally liable in any way as a result of the interlocutory summary judgment. Therefore, Mr. Gorman does not have standing to challenge the summary judgment. *See Ohio Med. Prods., Inc. v. Suber,* 758 S.W.2d 870, 872 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

After the trial court granted an interlocutory summary judgment in favor of Mrs. Gorman against the plaintiff, Mrs. Gorman filed a cross-claim against Mr. Gorman and the Trust alleging that they had brought a frivolous suit against her, and seeking a declaratory judgment and attorney's fees. At this point, Mr. Gorman did not have any pleadings against Mrs. Gorman on file. Mrs.

Gorman was alleging that, in actuality, Mr. Gorman was the true plaintiff, rather than a defendant. Mr. Gorman filed special exceptions to Mrs. Gorman's cross-claim. Mr. Gorman also filed a motion for sanctions under rule 13 against Mrs. Gorman and her attorney, and a cross-claim against Mrs. Gorman requesting indemnity and contribution from Mrs. Gorman in the event he was found liable to the Trust. After a hearing on the motion for sanctions, the trial court entered a final judgment.

The trial court's final judgment states:

Sharon Elaine Gorman is entitled to a judgment for attorney's fees. It is therefore ORDERED ADJUDGED and DECREED that the Gorman Children's Trust, by and through Robert L. Silvers, Trustee and Rodman Edward Gorman take nothing on their respective claims and causes of action and that Sharon Elaine Gorman have judgment against the Gorman Children's Trust by and through Robert L. Silvers, Trustee and Rodman Edward Gorman jointly and severally for $45,000 . . . .

■ The interlocutory judgment disposes of the Trust's claims against Mrs. Gorman. The final judgment disposes of Mrs. Gorman's attorney's fees claims against the Trust. Neither the partial nor the final judgment expressly determines Mr. Gorman's liability to the Trust as a defendant. However, the judgment contains a Mother Hubbard Clause providing: "All relief not specifically granted is herein denied." This clause makes it a final judgment. *See Inglish v. Union State Bank,* 945 S.W.2d 810, 811 (Tex.1997). Therefore, the Mother Hubbard clause, in effect, holds that Mr. Gorman has no liability to the Trust as a defendant. Mr. Gorman, as a defendant, won in the trial court.

■ The Trust has not appealed the summary judgment or the declaratory judgment granted to Mrs. Gorman. Mr. Gorman does not question the finality of the trial court's final judgment or the absence of a finding of his liability to the Trust. Mr. Gorman did not have a cross-claim against Mrs. Gorman on file for indemnity or contribution at the

time the interlocutory summary judgment was entered and, even if he had, the trial court never determined Mr. Gorman's liability, if any, to the Trust. Therefore, he has not been injuriously affected in any way by the interlocutory summary judgment against plaintiff. He does not have standing to challenge the take-nothing summary judgment and declaratory judgment granted in favor of a co-defendant against the plaintiff where he was not injured. *See generally Buckholts Indep. Sch. Dist. v. Glaser,* 632 S.W.2d 146, 150 (Tex.1982); *Pierson v. Houston Indep. Sch. Dist.,* 698 S.W.2d 377, 381 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Therefore, this Court does not have subject matter jurisdiction to review Mr. Gorman's first point of error. *Reynolds,* 860 S.W.2d at 571.

### Attorney's Fees

■ In his second point of error, Mr. Gorman contends that the trial court erred in awarding attorney's fees and costs against him under the declaratory judgments act because there was no pleading seeking a declaratory judgment against him and none had been rendered against him.[3] The plaintiff's original petition naming Mr. Gorman as a defendant sought a declaratory judgment. Mr. Gorman filed a general denial. There is some confusion in the record about which pleadings were live at the time of the hearing on sanctions; however, the trial court stated on the record that it was proceeding on Mrs. Gorman's first amended petition. In light of the trial court's statements and actions, it was referring to Mrs. Gorman's first amended cross-petition seeking a declaratory judgment and attorney's fees under TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 against Silvers, in his individual capacity as trustee, and Mr. Gorman. Assuming, without deciding, that the live pleadings included a declaratory judgment action against Mr. Gorman, we cannot affirm the award of attorney's fees under TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 because the trial court erroneously

took judicial notice of reasonable and necessary attorney's fees under chapter 38 of the Texas Civil Practice and Remedies Code.

■ At the hearing on the motion for sanctions, Mrs. Gorman's attorney testified to the amount of attorney's fees that had been expended and would be expended in the cause. Appellant's trial counsel objected that Mrs. Gorman's trial counsel was not designated as an expert either in response to interrogatories or in response to the trial court's order to file a list of expert witnesses under the scheduling order. Discovery responses must be on file 30 days before trial. TEX.R.CIV.P. 166b(6). Failure to supplement automatically results in the loss of opportunity to present the testimony, unless good cause is shown. TEX.R.CIV.P. 215(5). Mrs. Gorman's attorney did not attempt to show "good cause." The parties advised the trial court that it could take judicial notice of the reasonableness of attorney's fees without expert testimony under TEX.CIV.PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997). The trial court proceeded under section 38.001 and TEX.R.CIV.P. 13.

■ Chapter 38 of the Texas Civil Practice and Remedies Code permits the court to take judicial notice of reasonable and necessary attorney's fees only in claims described in TEX.CIV.PRAC. & REM.CODE ANN. § 38.001. TEX.CIV.PRAC. & REM.CODE ANN. §§ 38.003 (Vernon 1997). *See Valdez v. Valdez,* 930 S.W.2d 725, 731–32 (Tex.App.—Houston [1st Dist.] 1996, no writ) (action enforcing and clarifying divorce decree); *see also Coward v. Gateway Nat'l Bank,* 525 S.W.2d 857, 859 (Tex.1975) (interpreting predecessor statute); *GeoChem Tech Corp. v. Verseckes,* 929 S.W.2d 85, 93 (Tex.App.—Eastland 1996, writ pending). Declaratory judgment actions do not fall under chapter 38. *See GeoChem,* 929 S.W.2d at 93; *see also Coward,* 525 S.W.2d at 859 (interpreting predecessor statute); *Valdez,* 930 S.W.2d at 731–32 (action enforcing and clarifying divorce decree).

---

**3.** This argument emphasizes that Mr. Gorman does not have standing to contest the partial summary judgment and declaratory judgment holding that Mrs. Gorman is entitled to the money in the court registry. He cannot claim the attorney's fees awarded against him are improper upon this basis, and then challenge the summary judgment and declaratory judgment to which he was not a party.

A party seeking to recover attorney's fees in a declaratory judgment action must prove that the fees are reasonable and necessary. *See GeoChem*, 929 S.W.2d at 93 (finding some evidence on attorney's fees). The party enjoys neither a presumption of reasonableness nor the availability of judicial notice which is available for claims under chapter 38, Texas Civil Practice and Remedies Code. Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1997); *See GeoChem*, 929 S.W.2d at 93. A trial court is not permitted to take judicial notice of reasonable and necessary attorney's fees under the declaratory judgments act. *See GeoChem*, 929 S.W.2d at 93. Therefore, it was not appropriate for the trial court to do so here. *See id.; see also Valdez*, 930 S.W.2d at 732–33 (noting even if the amount of expert fees charged and/or paid had been established, that proof would not have raised an issue of reasonableness). Although we hold that the declaratory judgments act was an improper basis on which to award attorney's fees, we must also address the trial court's alternative basis for the award, rule 13. Tex.R.Civ.P. 13.

### Rule 13

In his third point of error, Mr. Gorman contends the trial court erred in awarding attorney's fees as sanctions under Tex. R.Civ.P. 13. As he did in his motion for new trial, Mr. Gorman contends on appeal that the trial court's order issuing sanctions did not state good cause or the particulars of good cause.

Rule 13 provides in part:

No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. . . . A general denial does not constitute a violation of this rule.

Tex.R.Civ.P. 13. The trial court provided in its final judgment:

[T]he Court also finds that the pleadings by the Gorman Children's Trust by and through Robert L. Silvers, Trustee and Rodman E. Gorman are frivolous and groundless, there being no basis in law or fact for the claims asserted against Sharon Elaine Gorman herein and is further of the opinion that this action has been brought in bad faith and for purposes of harassment.

In order to act within its discretion to impose rule 13 sanctions, the trial court must state with particularity, as provided in rule 13, good cause for finding that the pleadings upon which the sanctions are based were groundless and frivolous and brought for purposes of harassment. *See Johnson v. Smith*, 857 S.W.2d 612, 617 (Tex.App.— Houston [1st Dist.] 1993, no writ). This order does not state, with particularity, good cause for finding that the pleadings in this case were groundless and brought in bad faith for purposes of harassment; instead, it recites the rule.

Mrs. Gorman relies on the trial court's findings of fact and conclusions of law to support the award of sanctions. Texas courts of appeals are in conflict as to whether the lack of particularity in a trial court's order may constitute harmless error and whether findings of fact and conclusions of law may be considered to satisfy rule 13's particularity requirement.[4] We choose to

---

4. Some Texas courts have held that the trial court's failure to make particular findings in the order may constitute harmless error. *Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 70 (Tex. App.—El Paso 1994, writ denied) (abating trial to allow trial court to file findings of fact and conclusions of law stating particulars of good cause for sanction order); *Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex.App.—Fort Worth 1992, writ denied); *Powers v. Palacios*, 771 S.W.2d 716, 719 (Tex.App.—Corpus Christi 1989, writ denied); Tex.R.App.P. 44.1. Other courts, including this Court have held that the language of rule 13 is mandatory, without addressing whether error can be harmless. *Kahn v. Garcia*, 816 S.W.2d 131, 133 (Tex.App.—Houston [1st Dist.]

1991, orig. proceeding); *Watkins v. Pearson*, 795 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1990, writ denied). The record in the latter group of cases did not include findings of fact and conclusions of law.

At least one Texas court has held that rule 13's requirement that the trial court state the particulars of good cause in the sanction order is not satisfied by the trial court filing findings of facts and conclusions of law after the sanction order is entered and in effect. *See Friedman & Assoc., P.C. v. Beltline Road Ltd.*, 861 S.W.2d 1, 3 (Tex.App.—Dallas 1993, writ dism'd by agr.). Another Texas court explained the purpose of rule 13's requirement that good cause be shown in the sanction order as follows:

follow the majority of the courts of appeals which have considered this issue, and hold that a trial court's failure to make particular findings in a rule 13 order may constitute harmless error when the trial court's findings of fact and conclusions of law supply the particulars of good cause required by rule 13. *See Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex.App.—Fort Worth 1992, writ denied); *Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 70–71 (Tex.App.—El Paso 1994, writ denied). In this case, the trial court's findings of fact and conclusions of law state that Mr. Gorman's only purpose in filing the suit was to keep Mrs. Gorman from receiving the benefit of previous agreements, and that Mr. Gorman acted in concert with the plaintiff in the underlying suit, thereby unnecessarily extending the litigation. We hold that the trial court's findings of fact and conclusions of law did supply the particulars of good cause required by rule 13. TEX. R.CIV.P. 13. Further, the evidence supports the findings.[5] Therefore, the trial court did not abuse its discretion by awarding attorney's fees as sanctions pursuant to that rule. *See Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 950 (Tex.App.— Houston [1st Dist] 1993, no writ) (trial court's order will not be disturbed unless court acted without reference to any guiding legal rules or principles).

> A rule of civil procedure is interpreted by the same rules that govern statutes. When a rule is clear and unambiguous, we construe the language according to its literal meaning. The language contained in rule 13 is clear and unambiguous. The rule provides that no sanctions may be imposed except for good cause and that the trial court must enumerate the particulars of the good cause in the sanction order. *The requirement that the court state its findings in the order is in lieu of the traditional findings of fact and conclusions of law which normally are filed in a trial on the merits in a non-jury case. These findings enable the appellate court to review the order in light of the facts found by the trial court. Without the findings required by Rule 13, effective review of the sanctions is unavailable because the sanctioned party would be unable to overcome the presumption that the trial court found necessary facts in support of its judgment.*
> 
> *GTE Communications Sys. Corp. v. Curry*, 819 S.W.2d 652, 653–54 (Tex.App.—San Antonio 1991, orig. proceeding) (emphasis added) (citations omitted).

## Sufficiency of the Evidence

In his fourth point of error, Mr. Gorman contends there is legally and factually insufficient evidence to support the amount of attorney's fees awarded. As previously stated, Mr. McEvily, one of Mrs. Gorman's attorneys, testified concerning the amount of attorneys' fees which had accrued to date and what fees were anticipated in the future. Because Mr. McEvily was not listed as an expert, the trial court did not permit him to express any opinion concerning whether the fees were reasonable or necessary. Appellant argues that, because no evidence exists showing the fees to be reasonable and necessary, the evidence supporting the trial court's award of those fees is legally and factually insufficient.

We review the trial court's award of sanctions under rule 13 for abuse of discretion. *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex.1993). Under an abuse of discretion standard, legal and factual insufficiency are not independent, reversible grounds of error; rather, they are relevant factors in assessing whether the trial court abused its discretion. *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1993, no writ). Contrary to appellant's argument, proof of the necessity or reasonableness of attorney's fees is not required

5. On appeal, Mr. Gorman also contends that the underlying suit was not groundless and, in any event, he did not sign a groundless pleading as required by rule 13. *See* TEX.R.CIV.P. 13. Contrary to Mr. Gorman's contention, the cross-claim, which sought indemnity from Mrs. Gorman in the event he was found liable to the Trust, was signed by him pro se. Furthermore, as the trial court found, the Trust filed the original suit against Mrs. Gorman and Mr. Gorman as defendants at the insistence and urging of Mr. Gorman. By filing the cross-claim against Mrs. Gorman, Mr. Gorman sought indemnity from her for possible liability flowing from a groundless lawsuit which *he* encouraged or requested the Trust to file against Mrs. Gorman and himself. The evidence supports the trial court's findings that the purpose of this litigation was to frustrate Mrs. Gorman's interest and to keep her from receiving the benefit of agreements previously made.

when such fees are assessed as sanctions. *See Stites v. Gillum,* 872 S.W.2d 786, 797 (Tex.App.—Fort Worth 1994, writ denied). Rather, the amount of attorney's fees awarded as sanctions is within the sound discretion of the trial court. *Id.* Based on the past and future fees testified to by Mr. McEvily, we do not find the sanctions imposed by the trial judge to be excessive or a clear abuse of discretion. Accordingly, we overrule appellant's fourth point of error.

### Conclusion

We affirm the trial court's judgment.