SCOTT v. RICHARDSON ISD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-333-CV

SUSAN A. SCOTT APPELLANT

V.

RICHARDSON INDEPENDENT APPELLEE

SCHOOL DISTRICT

------------

FROM THE 68TH DISTRICT COURT OF DALLAS COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Susan A. Scott seeks to appeal from a judgment of the trial court dated April 27, 2005 relating to payment of delinquent taxes on real property located in Richardson, Texas.
(footnote: 2)  We dismiss the appeal.

The trial court’s judgment awarded back taxes for 2003 and 2004 to plaintiff Richardson Independent School District and intervenors City of Richardson and Dallas County.  The back taxes, plus penalties, interest, costs, and attorneys’ fees were assessed against defendants Dallas W. Scott a/k/a Robert W. Scott and American General Finance, Inc. (In Rem Only).  The judgment also orders the property sold to satisfy these monetary awards.

Appellant filed a notice of appeal complaining of the trial court’s judgment.  On September 19, 2005, this court notified Appellant that it was concerned she may not have standing to appeal from the trial court’s April 27, 2005 judgment because she was not a party to the judgment.  We informed Appellant that unless she responded by September 29, 2005 and presented grounds for continuing this appeal, the appeal may be dismissed.  
See
 
Tex. R. App. P.
 43.2(f).

Appellant has not filed a response.  Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others.
(footnote: 3)  
Because Appellant has failed to establish that she has standing to appeal from the trial court’s judgment, we dismiss this appeal. 
 See
 
Tex. R. App. P
. 43.2(f).

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  October 27, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
On August 26, 2005, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Fifth District of Texas to our court.

3:
See Torrington Co. v. Stutzman
, 46 S.W.3d 829, 843 (Tex.  2000); 
Texas Workers’ Comp. Ins. Fund v. Mandlbauer
, 988 S.W.2d 750, 752 (Tex. 1999); 
Buckholts Indep. Sch. Dist. v. Glaser
, 632 S.W.2d 146, 150 (Tex. 1982); 
Jackson v. Fontaine's Clinics, Inc.
, 499 S.W.2d 87, 92 (Tex. 1973); 
Shell Petroleum Corp. v. Grays
, 131 Tex. 515, 114 S.W.2d 869, 870 (1938).