Opinion issued
March 17, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-01025-CV

———————————

Caroline Ogu and Oakey Ugboaja, Appellants

V.

C.I.A. Services Inc.
and Bridlewood Estates Property Owners’ Association, Appellees



 



 

On Appeal from the County
Court at Law No. 4

Harris County, Texas



Trial
Court Case No. 795884-101

 



 

MEMORANDUM
OPINION

 

          Caroline
Ogu and Oakey Ugboaja appeal the trial court’s judgment awarding C.I.A.
Services Inc. and Bridlewood Estates Property Owners’ Association attorney’s
fees.  After a prior appeal to this
Court, we remanded for Ogu and Ugboaja to have a jury trial on the amount of attorney’s
fees, the last remaining issue in this case. 
After a jury trial, the trial court rendered judgment for attorney’s
fees through trial in the amount of $32,005.00 and conditional attorney’s fees
in the event of an unsuccessful appeal by Ogu and Ugboaja.  Ogu and Ugboaja assert that the trial court
erred in numerous ways in the conduct of the trial.  We have reviewed the briefs of the parties
and the full record, and we conclude that the trial court did not err.  We therefore affirm.

Background

          This
Court’s prior opinion sets forth more fully the factual background of this
case.  However, a brief restatement is
appropriate here.  Ogu and Ugboaja own
real property in the Bridlewood Estates subdivision of Harris County.  Ogu v.
C.I.A. Servs. Inc., No. 01-07-00933-CV, 2009 WL 41462, at *1 (Tex.
App.—Houston [1st Dist.] Jan. 8, 2009, no pet.).  C.I.A. and Bridlewood paid a lawn service to
mow Ogu and Ugboaja’s property, contending that their failure to mow violated
the declarations governing Bridlewood.  Id. 
Ogu and Ugboaja sued for “unlawful billings and trespassing.”  Id.  C.I.A. and Bridlewood filed a counterclaim,
asking for declaratory judgment concerning Ogu and Ugbaoja’s responsibilities
under the declarations.  Id. 
C.I.A. and Bridlewood also sought attorney’s fees.  Id.  After rendering a take-nothing summary
judgment on Ogu and Ugboaja’s claims, the trial court severed those claims into
a separate cause number and the judgment became final.  Id.  That judgment was not appealed.  Id.  

          At
the trial on C.I.A and Bridlewood’s counterclaims, the trial court granted a
directed verdict on the counterclaims and, despite a timely jury request from
Ogu and Ugboaja, held a bench trial on the amount of reasonable and necessary attorney’s
fees.  Id. at *2.  After the trial
court rendered judgment, Ogu and Ugboaja appealed and this Court reversed the
trial court, holding Ogu and Ugboaja were entitled to a jury trial on the issue
of attorney’s fees.  Id. at *4.  Specifically, we
stated, “Under these facts, we hold that [Ogu and Ugboaja] were entitled to a jury
trial on the issue of the amount of attorney’s fees, the denial of this right
constitutes reversible error, and this case must be remanded for a jury trial
as requested on this issue.”  Id. at *5. 

          On
remand, the trial court impaneled a six-person jury.  C.I.A. and Bridlewood’s attorney conducted
voir dire, gave opening statements, testified concerning attorney’s fees, and
made closing argument to the jury.  Ogu
and Ugboaja had not designated an attorney to act as an expert witness.  The trial court, however, did permit them to
testify, although the trial court did, generally, restrict their testimony to
issues involving attorney’s fees, sustaining objections when Ogu or Ugboaja
attempted to interject matters concerning their claims that had been resolved
by summary judgment.  The jury answered
several questions concerning the amount of reasonable and necessary fees,
answering in the amounts testified to by C.I.A. and Bridlewood’s attorney.  The trial court rendered judgment on the
jury’s verdict.

Scope of the Trial

          Ogu
and Ugboaja make several arguments concerning the scope of the trial.  For example, they assert, “The totality of
the entire case was not addressed as directed by the court of [a]ppeals
judgment. Only the Appellees were favored and their evidence heard on
Attorney’s fees.”  They also assert that
the trial court should have held a “retrial of the whole case.”  By these and similar statements, we
understand Ogu and Ugboaja to be asserting that they did not have an
opportunity to present evidence of their claims.  However, as noted above and in this Court’s
prior opinion in this case, after the trial court granted summary judgment on
their claims, those claims were severed into a separate lawsuit and the summary
judgment became final.  That judgment was
not appealed.  Absent a timely-filed
notice of appeal, this court lacks jurisdiction over a cause.  See Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). 
To the extent Ogu and Ugboaja argue that this Court’s prior opinion
remanded the cause for a trial of issues other than attorney’s fees, they are
mistaken; this Court had no jurisdiction to address their claims because they
did not appeal the judgment on those claims. 


          In
the prior appeal in this case, the only issue we discussed in our opinion was
the jury trial on attorney’s fees.  We
remanded this cause for a jury trial on only one issue: the amount of the attorney’s
fees.  Therefore, any evidence concerning
Ogu and Ugboaja’s claims for trespass, or any other claims, was irrelevant.  See Tex. R. Evid. 401 (stating relevant
evidence has tendency to make existence of fact that is of consequence to
determination of action more probable or less probable).  The trial court, therefore, properly excluded
any evidence that did not pertain to the issue of attorney’s fees.  See
Tex. R.
Evid. 402 (“Evidence which is not relevant is inadmissible.”).  

          Ogu
and Ugboaja also assert that the trial court erroneously refused to admit this
Court’s prior judgment.  They contend
that the judgment is the “bas[i]s of the [r]etrial” and the refusal to admit
the judgment “subjects the verdict of the jury to mistrial for lack of
sufficient evidence to support the bases for retrial.” 

          Even
if a trial court commits error in excluding evidence, we will not reverse on
appeal unless, among other requirements, the excluded evidence was not cumulative of other
evidence.   See Tex. Dep’t of
Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000).  CIA and Bridlewood’s attorney, in
testifying to the work done on this case through the years, described the prior
appeal and this Court’s judgment.  He
explained that in order to protect the judgment in favor of his clients, he had
to review Ogu and Ugboaja’s appellate brief and research the law and the record
to write a brief in response.  He also
generally described this Court’s prior judgment, telling the jury that this
Court’s ruling was that “one issue needed to be determined by a jury of our
peers.  That would be the amount of
attorney’s fees.”  He further clarified
by stating, “Therefore, that is the issue that is being presented to you is
what amount of attorney’s fees is suitable to award my client, not whether
they’re getting attorney’s fees.”  This
accurately states the substance of this Court’s prior judgment.[1]  Thus, the jury heard the substance of this
Court’s prior judgment.  Because the jury
had already heard the substance of the judgment, Ogu and Ugboaja’s testimony
concerning the judgment—or introducing the judgment into evidence–would have
been cumulative of other evidence presented. 
Accordingly, we hold that the error, if any, in the trial court
excluding the judgment is not reversible error. 
See Tex. Dep’t of Transp., 35 S.W.3d at 617.

          Additionally,
to the extent Ogu and Ugboaja complain that they were not allowed to testify
concerning the reasonableness or necessity of attorney’s fees, we note that
they did not designate an expert on the issue of attorney’s fees and neither of
them are attorneys.  Generally, the
amount of attorney’s fees sought in a case must be proved by expert
testimony.  Twin City Fire Ins. Co. v. Vega-Garcia, 223 S.W.3d 762, 770 (Tex. App.—Dallas
2007, pet. denied).  Because they did not
designate themselves or qualify as experts on the issues concerning attorney’s
fees, the trial court properly restricted their testimony concerning the
reasonableness and necessity of attorney’s fees.  See id.;
see also Cantu v. Moore ,
90 S.W.3d 821, 826 (Tex. App.—San Antonio 2002, pet. denied) (holding
non-attorney’s testimony concerning fees was no evidence on fee issue because
“[e]xpert testimony is required to support an award of attorneys’ fees”). 

          We
overrule the issues concerning limiting the trial to attorney’s fees, including
excluding this Court’s prior judgment.

          In a
related argument, Ogu and Ugboaja contend that the trial court did not allow
them to testify or “to present any kin[d] of ‘statement’ or argument to the
jury.”  The record does not support this
contention.  They were allowed to make
opening statements, cross-examine C.I.A and Bridlewood’s attorney, take the
stand and testify, and make closing arguments to the jury.  

          We
overrule the issues concerning Ogu and Ugboaja not being allowed to address the
jury or testify.




 

Composition of the Jury

          In
their brief, Ogu and Ugboaja assert that the jury “was not fairly and legally
constituted.”  They explain that the jury
pool had three black people and one Hispanic person among the potential jurors
but their six-person jury consisted of five white people and one Hispanic.

          Race-based
exclusions of jurors violate the equal protection rights of the excluded jurors
and the litigants.  See Goode v. Shoukfeh, 943 S.W.2d 441, 445 (Tex. 1997).  But to preserve a complaint about the racial composition
of the jury, a party must timely object. 
See In re C.O.S., 988 S.W.2d
760, 766 (Tex. 1999); see also In re
K.M.B., 91 S.W.3d 18, 27 (Tex. App.—Fort Worth 2002, no pet.) (stating that,
to preserve challenge to racial composition of jury, party must object before
jury is sworn).  The record does not show
that Ogu and Ugboaja objected to the composition of the jury.  Therefore, any complaint is waived.  See In
re C.O.S., 988 S.W.2d at 766; In re
K.M.B., 91 S.W.3d at 27.

          We
overrule the issue concerning the makeup of the jury.[2]

Issues Concerning Attorney’s
Fees

          Ogu
and Ugboaja make a number of arguments concerning attorney’s fees.  Although their brief does not contain a
statement of issues or points of error, we discern four arguments concerning
the attorney’s fees: C.I.A and Bridlewood were not entitled to fees because (A)
they were not the prevailing party and did not present their claim prior to
suit; (B) they failed to present evidence regarding segregation of fees; (C) their
attorney acted as both counsel and expert witness; and (D) the evidence is
legally insufficient to support the jury’s verdict concerning the amount of
fees.

A.      “Prevailing party” and “presentment”

          Ogu
and Ugboaja assert that C.I.A. and Bridlewood may not recover attorney’s fees
because they are not the prevailing party and they never presented their
claim.  Ogu and Ugboaja cite sections
38.001(8) and 38.002 of the Texas Civil Practice and Remedies Code to support
this argument.

          Section
38.001(8) provides a party may recover attorney’s fees if a claim is for “an oral
or written contract.”  Tex. Civ. Prac. & Rem.
Code Ann. § 38.001(8) (West
2008).  Section 38.002(2) provides that
a party “must present the claim to the opposing party” to recover attorney’s
fees under chapter 38.  Id. § 38.002(2).  However, as noted in the previous appeal,
C.I.A. and Bridlewood’s claim for attorney’s fees is not a suit on a contract;
their claim was brought under the Texas Uniform Declaratory Judgments Act,
chapter 37 of the Texas Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011 (West 2008).  “Declaratory judgment actions do not fall under chapter 38.”  Gorman
v. Gorman, 966 S.W.2d 858, 866 (Tex. App.—Houston [1 Dist.] 1998,
pet. denied).    Under chapter 37, “the court may award
costs and reasonable and necessary attorney’s fees as are equitable and just.”  Tex. Civ. Prac. & Rem. Code Ann. § 37.009.  The trial court is not required to award attorney’s
fees to the prevailing party and may award fees to either party.  See Moosavideen v. Garrett, 300 S.W.3d
791, 802 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).  The Declaratory Judgments Act does not
require presentment of a claim as a condition for the recovery of attorney’s
fees.  Because C.I.A and Bridlewood’s
claim was for declaratory judgment and not breach of contract, they were not
required to prevail or to present the claim. 
Furthermore, as noted above, the only issue in this trial was the amount
of reasonable and necessary fees, not whether C.I.A. and Bridlewood were
entitled to the fees under chapter 37.  

          We
overrule the issue concerning sections 38.001 and 38.002 of the Texas Civil
Practice and Remedies Code.




 

B.      Segregation 

          Ogu
and Ugboaja assert that attorney’s fees are not recoverable in this case
“because the cost was not segregated from recoverable and unrecoverable
Attorneys[’] fees in all the cases.”  When
a party presents multiple claims, some of which support recovery of attorney’s
fees and some of which do not, the party must segregate the attorney’s fees
attributable to claims for which fees are recoverable.  Tony
Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 311–12 (Tex. 2006).  “Settled law, however, holds
that a party waives any error arising from possibly awarding nonrecoverable
fees when the complaining party does not object to failure to segregate between
legal services for which fees are properly recoverable and those for which no
recovery of fees is authorized.”  Haden v. David J. Sacks, P.C., No.
01-01-00200-CV, 2009 WL 1270372, at *9 (Tex. App.—Houston [1st Dist.] May
7, 2009, pet. denied).  The record does
not show that Ogu and Ugboaja objected to the lack of segregation or otherwise
brought the issue to the trial court’s attention.  This issue is not preserved for appeal.[3]  See id.




 

C.      Attorney as a witness

          Ogu
and Ugboaja also contend, “The defense [counsel] on this case . . . became his
own expert witness a[t] the same time the defense attorney.  This is a double standard and legally is not
sustainable.” 

          Rule
3.08 of the Texas Disciplinary Rules of Professional Conduct provides,

A lawyer shall not . . . continue employment as an
advocate before a tribunal in a . . . pending adjudicatory proceeding if the
lawyer knows or believes that the lawyer is or may be a witness necessary to
establish an essential fact on behalf of the lawyer’s client, unless:

 

          . . .  

 

          (3) the
testimony relates to the nature and value of legal        services rendered in the case[.]

 

Tex. Disciplinary R.
Prof’l Conduct 3.08(a), reprinted
in Tex. Gov’t Code, tit. 2,
subtit. G, app. A (West 2005).  Under the
applicable rules, C.I.A. and Bridlewood’s attorney was allowed both to act as
counsel and testify concerning attorney’s fees. 
See id.

          We overrule
the issue concerning C.I.A. and Bridlewood’s attorney being allowed to serve as
an attorney’s fees expert.

D.      Sufficiency of the evidence 

          Ogu
and Ugboaja contend that the evidence is legally insufficient to support the
jury’s verdict concerning the amount of reasonable and necessary attorney’s fees
in this case.  Legal sufficiency
complaints can be preserved in a motion for directed verdict, motion to
disregard the jury’s answer, a motion for judgment notwithstanding the verdict,
a motion for new trial, or objections to the jury charge.  T.O.
Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 220–21 (Tex. 1992).  Ogu and Ugboaja did not move for a directed
verdict, to disregard a jury answer, for judgment notwithstanding the verdict, or
for new trial.  Nor did they object to
the jury charge.  This issue is not
preserved for appeal.  See id. 

Limitations

          In
their brief, Ogu and Ugboaja assert that “[t]he statu[te] of limitations on
this case has passed. The original case was filled [sic] on August 28, 2002 . .
. , this is a case of enforcement of deed restriction and . . . the limitation
is four years (4 years).  We the
appellants [ask] the Honorable APPEAL COURT for limitation review.”  Statutes of limitations govern how long a
claimant has to bring a suit after a legal injury, not how long a case may
remain pending after filing.  See, e.g., Tex. Civ. Prac. & Rem.
Code Ann. § 16.051 (West
2008) (“Every action for which there is no express limitations period . . . must be brought not later than four
years after the day the cause of action accrues.”) (emphasis added).  Although this case has a long
history, the statute of limitations has no application to the length of time a
case has been pending.[4]  

          We
overrule the issues concerning the statute of limitations.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Justices
Jennings, Higley, and Brown.











[1]
       In contrast, Ogu testified that this Court’s
judgment “found an error in judgment in [the prior trial] that they found that
on my rights was denied for not setting up a jury.  The Appeal Court decided on that.  They vacated the judgment of the attorney fee
that was awarded by the Judge, that’s every proceeding should go back to Court
Four.  What I understand that I’m doing
here today is for the jury summon to hear my case, not attorney fees.”  As we state above, this is an inaccurate
description of this Court’s prior decision and judgment.  The sole issue to be tried was the amount of
attorney’s fees.  After Ogu stated this
to the jury, the trial court sustained an objection to this testimony and instructed
the jury to disregard it.





[2]           Ogu and Ugboaja also contend, “The selection
of the pool of the Jury in this case was very poor.  The educational background of the Jury is
questionable, no one of the jury have more than high school diploma.  The complexity of this Case and the rhetoric
of Attorney fees equally jeopardized the comprehension of the jury.”  Ogu and Ugboaja have not cited any authority
that they were entitled to a jury of any particular “educational
background.”  Without any citation to
authority to support this argument, we conclude that Ogu and Ugboaja waived this
argument.  See Abdelnour v. Mid Nat’l Holdings, Inc., 190 S.W.3d 237,
241 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (“Issues on appeal are waived
if an appellant fails to support his contention by citations to appropriate
authority . . . .”).





[3]
         Ogu
and Ugboaja also assert that “Texas procedure does not allow post judgment
attorney fees . . . .”  To the extent
they are complaining of the award of attorney’s fees relating to the appeal, Texas
law allows an award of appellate attorney’s fees, provided that the award is contingent
upon the appellant’s unsuccessful appeal. 
    Houston Livestock Show & Rodeo, Inc. v. Hamrick, 125 S.W.3d
555, 586 (Tex. App.—Austin 2003, no pet.).





[4]
       Additionally,
the statute of limitations is an affirmative defense that must be pleaded and
tried in the trial court or it is waived; it may not be raised for the first
time after trial.  See Hollingsworth v. Hollingsworth, 274 S.W.3d 811, 814–15 (Tex.
App.—Dallas 2008, no pet.) (limitations defense waived when first raised in
motion for new trial).  Here, the record
does not show that Ogu and Ugboaja pleaded or otherwise raised limitations in
the trial court.