**DICKSON CONSTRUCTION, INC., Appellant,**

v.

**FIDELITY & DEPOSIT COMPANY OF MARYLAND, Hibbs–Hallmark & Company, and Billy Hibbs, Appellees.**

No. 06–98–00160–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 21, 1999.

Decided Oct. 29, 1999.

Bill C. Hunter, Darrell D. Minter, Vineyard & Minter, LLP, Dallas, for appellant.

Marc R. Stanley, Roger L. Mandel, Stanley, Mandel & Iola, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Chief Justice CORNELIUS.

Dickson Construction Company appeals from a take-nothing summary judgment rendered on its fraud claims against all appellees. Appellees were awarded a no-evidence summary judgment based on their claims that Dickson had no evidence to support his claims. Dickson contends that the trial court erred by rendering summary judgment, by overruling its objections to appellees' motion for summary judgment, and by overruling its motion to vacate or continue the hearing on the motion for summary judgment. We affirm the judgment.

This is the second appeal of this case. The first appeal involved a summary judgment rendered by the trial court against Dickson on its claims that the appellees had injured Dickson by actionable business disparagement, tortious interference, and alternatively, fraud, civil conspiracy, and breach of fiduciary duty. The trial court granted summary judgment for appellees on the basis of limitations. We reviewed the summary judgment evidence and affirmed the trial court's judgment on all matters except for the fraud claim, because the four-year statute of limitations applied to it instead of the two-year statute. *Dickson Constr., Inc. v. Fidelity and Deposit Co.*, 960 S.W.2d 845, 848–50 (Tex. App.-Texarkana 1997, no pet.).

In the first appeal, one of the appellees, Fidelity & Deposit Company of Maryland, attempted to show there was no fraud as a matter of law based on a deposition in which Dickson stated that he had trouble associating fraud with himself. We concluded that this did not conclusively show that the appellees had not committed fraud against Dickson, so they had not fulfilled their burden on that cause of action. We also recognized that under the recent amendment to Rule 166a, in the context of a defendant's no-evidence motion for summary judgment, the plaintiff would have the burden of coming forward with some evidence on each element of his cause of action in order to defeat the summary judgment.

In this appeal, Fidelity takes the position that Dickson wholly failed to meet its burden, and that despite having adequate time for discovery, it did not provide any evidence that any appellee had committed fraud. The new rule reads as follows:

**(i) No–Evidence Motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one

or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

Tex.R. Civ. P. 166a(i).

Dickson contends that Fidelity did not adequately meet the requirements of the rule as they are defined by the comment provided by the Supreme Court upon enactment of Rule 166a(i).[1] He contends that the court erred by granting the motion for summary judgment because the motion was conclusory or general in nature and does not adequately challenge the evidentiary support for any particular element of his cause of action. He also contends that he did not have the burden to produce summary judgment evidence supporting the challenged elements of his cause of action.

■ In its motion for summary judgment, Fidelity stated there was no evidence to support a fraud cause of action. To recover for fraud, Dickson is required to prove (1) a material misrepresentation, (2) which was false, and was either known to be false when made or was asserted without knowledge of the truth, (3) which was intended to be acted upon, and (4) on which the plaintiff relied to its injury. *Johnson & Johnson Med., Inc. v. Sanchez,* 924 S.W.2d 925, 930 (Tex.1996). Fidelity specified in its no-evidence summary judgment motion that Dickson had provided no evidence of reliance or damages.

■ Dickson's first contention on appeal complains about Fidelity's allegations in its motion for summary judgment that Dickson's *petition* failed to provide any specificity about the alleged fraud, its nature, or any damages resulting from it. Dickson argues that these allegations are more akin to a special exception, and are improper for a summary judgment. We disagree. Fidelity was simply using these allegations to show that Dickson had failed to support its general allegation of fraud. While this is similar to a special exception when it refers to pleadings, it is not improper in a motion for a no-evidence summary judgment.

■ Dickson also argues for the first time on appeal that the definition of fraud in Fidelity's motion for summary judgment is too narrow, and that it should also include factors more directly involving fraudulent misrepresentation by silence or by failures to disclose. This argument does not appear in any form in Dickson's re-

---

1. The comment says:

This comment is intended to inform the construction and application of the rule. Paragraph (i) authorizes a motion for summary judgment based on the assertion that, after adequate opportunity for discovery, there is no evidence to support one or more specified elements of an adverse party's claim or defense. A discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph (i) would be permitted after the period but not before. The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case. Paragraph (i) does not apply to ordinary motions for summary judgment under para-

graphs (a) or (b), in which the movant must prove it is entitled to judgment by establishing each element of its own claim or defense as a matter of law or by negating an element of the respondent's claim or defense as a matter of law. To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. The existing rules continue to govern the general requirements of summary judgment practice. A motion under paragraph (i) is subject to sanctions provided by existing law (Tex Civ. Prac. & Rem. Code §§ 9.001–10.006) and rules (Tex.R. Civ. P. 13). The denial of a motion under paragraph (i) is no more reviewable by appeal or mandamus than the denial of a motion under paragraph (c).

Tex.R. Civ. P. 166a notes and comments.

sponse to the motion for summary judgment. In the absence of summary judgment proof showing misrepresentations by silence, there would be no reason for the trial court to presume that Dickson was suing based upon that aspect of a fraud cause of action.

Further, the limited summary judgment evidence referenced by Dickson in his response does not support his position that misrepresentations by silence occurred, or that active misrepresentations occurred that could constitute fraud. In its brief, Dickson refers to an affidavit by Wilson Dickson to provide facts showing that there were misrepresentations by silence coupled with reliance. This affidavit was not referenced by Dickson in its response to the motion for summary judgment, and the argument now raised was not raised in any form at the trial level.

The summary judgment proof referred to by the response is directed solely at the question of the sufficiency of time for discovery in a no-evidence summary judgment context. It did not address the motion on its merits, except as to the proper application of the no-evidence summary judgment rule. Counsel was still arguing at that point that Dickson's deposition did not conclusively prove that he had no cause of action for fraud—as we stated in our original opinion. Dickson's counsel contended at oral argument that our rendering of the contents of Dickson's affidavit in our first opinion made the facts stated therein the "law of the case," and that our original opinion acted to provide the necessary proof of fraud to defeat the summary judgment motion. Our opinion does not support that position. We did refer to the affidavit and quoted a portion of it. Our purpose in doing so, however, was to show that Dickson had not affirmatively disproved his own theory of fraud in the affidavit. The question of whether it provided any evidence of fraud is an entirely different issue, one not before us at the time and which we therefore did not address.

Dickson also contends that the trial court erred by overruling its objection to appellees' motion for summary judgment. Dickson argues that there had not been adequate time for discovery, as required by TEX.R. CIV. P. 166a(i). The rule requires only that the motion may be made after "adequate time for discovery" has elapsed. The suit was filed March 9, 1995, over four years ago. The first summary judgment was granted on February 5, 1997, and our opinion on rehearing was rendered one year later, on February 4, 1998. No further review was sought, and our mandate issued on May 23, 1998. Fidelity filed its second motion for summary judgment on June 23, 1998. The summary judgment was signed sixty days later, on August 26, 1998.

The question is whether the no-evidence motion was granted after adequate time for discovery. Dickson argues that it was not, and that we should calculate the time available for such discovery only from the date of our opinion in the prior appeal. We disagree. This case had been pending for over two years before the first summary judgment was granted. It appears that Dickson was unable to obtain evidence to support its fraud claim during that time period, and the record does not show that Dickson made any concerted effort to obtain such evidence during the four months between the date we issued our opinion and the date Fidelity filed its no-evidence motion for summary judgment, or during the time between its filing and the date that a response would have been due.

We must consider the time needed for discovery in the context of the nature of Dickson's cause of action. That cause of action is based on a failure to inform or a failure to act professionally, on which Dickson relied to its detriment. Evidence that a plaintiff relied on the actions of another, and that he suffered damages as a result of this reliance is the sort of evidence that should be immediately available to a plaintiff. Such evidence has not been provided.

Considering the length of time this case has been active in the trial court, and the nature of the evidence necessary to controvert the no-evidence motion for summary judgment, we conclude that the trial court did not abuse its discretion by either refusing to grant a continuance for additional discovery, or by rendering summary judgment in appellees' favor.

The judgment is affirmed.