NUMBER 13-00-426-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


ANTONIO AGUIRRE, ET AL. AND CHEVRON U.S.A., INC., Appellants,


v.

PHILLIPS PROPERTIES INC., Appellee.

___________________________________________________________________


On appeal from the 93rd District Court of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Yañez


Appellants (1) challenge a summary judgment granted in favor of appellee, Phillip's Properties, Inc. We affirm.

Background

This appeal arises from a lawsuit involving allegations of underground contamination in McAllen, Texas. Originally, there
were five cases (2) filed by numerous plaintiffs against a large number of defendants. Four of these five cases were
consolidated. The plaintiffs in the case that was not consolidated (3) were Antonio and Miriam Aguirre; the defendants were
Phillips Properties, Inc., Coastal Mart, Inc., Maxey R. Grossenbacher, and Hidalgo City Investments, Inc. (4) In the same
order that consolidated the four cases, the trial court severed the plaintiffs' claims into two separate cases based on the
location of the plaintiffs' property. The cases are characterized as being the "northern plume" and "southern plume," in
reference to two areas of alleged contamination. The southern plume cases were severed into cause number 4597-92-1-E;
the northern plume cases were severed into cause number 4597-92-E. This appeal involves a summary judgment granted in
the northern plume trial, cause number 4597-92-E.

Phillips filed several motions for summary judgment, as did several other defendants. The appellants filed a motion to reset
all pending motions in the northern plume cases until after the conclusion of the southern plume trial. The trial court
granted this motion, staying all discovery in the northern plume cases, and resetting all hearings, until after the conclusion
of the southern plume trial. The order granting the stay was signed on February 28, 2000. On April 6, 2000, the trial court
granted appellee's motions for summary judgment, dismissing all plaintiffs' claims against appellee and severing the causes
from the remainder of the case. (5) Appellants filed a motion for new trial, which the trial court denied. 

Appellants now challenge the summary judgment with three issues. In their first issue, appellants argue that the trial court
erred by granting summary judgment without notice of a hearing or submission date and "in direct contravention of its
orders staying all hearings and discovery." In their second issue, appellants assert that a no-evidence summary judgment
could not be granted prior to the end of the discovery period. With their third issue, appellants contend that summary
judgment was barred by the doctrine of quasi estoppel. One of the defendants in the lawsuit, Chevron, also filed a brief
challenging the summary judgment. 

Notice of the Summary Judgment Hearing

Appellants allege in their first issue that they did not receive notice of the submission date for the summary judgment.
Appellants also point out that after issuing the order setting the submission date for the summary judgment, the trial court
issued an order staying all pending motions. This stay, appellants argue, would serve to negate the notice of the summary
judgment submission date because they would not have expected the trial court to consider a motion for summary judgment
after the court stayed all motions. Thus, the appellants were deprived of notice by the stay. We find that even if the trial
court had committed error by failing to give notice, or by considering the summary judgment after staying the proceedings,
the error was rendered harmless by subsequent actions of the trial court.

The supreme court has held that a trial court must give notice of the submission date for a motion for summary judgment,
because this date determines the date the nonmovant's response is due. Martin v. Martin, Martin & Richards, Inc., 989
S.W.2d 357, 359 (Tex. 1998). Failure to give notice of the submission date for a motion for summary judgment constitutes
error. Id. However, the trial court renders such error harmless when the court considers the nonmovant's response and
reconfirms its ruling. Id. 

In the case now before this Court, the trial court set the submission date for the summary judgment in an order filed on
January 28, 2000. (6) The trial court issued a stay order on February 28, 2000, which stated that "all pending motions
pertaining to the Northern Plume parties or issues as well as such motions which may hereafter be filed shall be deferred
and shall not be set for hearing until after the conclusion of the Southern Plume trial which is ongoing at this time." On
April 6, 2000, the trial court issued an order granting summary judgment for the appellee. (7)

Following the granting of the summary judgment, appellants filed a motion for new trial. Appellants also filed a "Response
to Motions for Summary Judgment and Motion for Continuance with Regard to Defendants' Motions for Summary
Judgment." In this response, appellants argue that the summary judgments based on rule 166a(i) could not be granted prior
to the conclusion of discovery. On June 19, 2000, the trial court denied appellants' motion for new trial, with an order
stating that the court had "considered, as if it had been timely filed" appellants' response to the motions for summary
judgment. The trial court further stated that it found that there had been adequate time for discovery and reaffirmed the
summary judgment.

Had there been a lack of notice, as appellants allege, the trial court, by considering the response to the summary judgment
and reconfirming its ruling, rendered the error harmless. Id. Issue number one is overruled.

The No-Evidence Summary Judgment and Discovery

In their second issue, appellants argue that the trial court erred by granting summary judgment prior to the end of the
discovery period and while discovery had been stayed by the trial court. A party may move for a no-evidence summary
judgment "after adequate time for discovery." Tex. R. Civ. P. 166a(i). The comment to the rule change which created the
no-evidence summary judgment mechanism states that "ordinarily a motion under paragraph (i) would be permitted after [a
period set by a pretrial order] but not before." Id., cmt. This comment, unlike other notes and comments in the rules of
civil procedure, was intended to inform the construction and application of the rule. See id.; Specialty Retailers, Inc. v.
Fuqua, 29 S.W.2d 140, 145 (Tex. App.-Houston [14th Dist.] 2000, pet. denied).

A trial court's determination that there has been an adequate time for discovery is reviewed under an abuse of discretion
standard. McClure v. Atterbury, 20 S.W.3d 722, 729 (Tex. App.-Amarillo 1999, no pet.); Specialty Retailers, 29 S.W.3d at
145; Dickson Const. v. Fidelity & Deposit Co., 5 S.W.3d 353, 357 (Tex. App.-Texarkana 1999, pet. denied). A trial court
abuses its discretion when it acts arbitrarily, unreasonably or without reference to any guiding rules or principles. City of
Brownsville v. Alvarado, 897 S.W.2d 750, 754 (Tex. 1995); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 343
(Tex. 1985). The question of whether a nonmovant has had an adequate time for discovery under rule 166a(i) is case
specific. Tempay, Inc. v. TNT Concrete and Constr., Inc., 37 S.W.2d 517, 522 (Tex. App.-Austin 2001, no pet.
h.);McClure, 20 S.W.2d at 729. 

To determine whether adequate time for discovery has passed, appellate courts have considered the following
non-exclusive list of factors: (1) the nature of the case; (2) the nature of the evidence necessary to controvert the
no-evidence summary judgment; (3) the length of the time the case was active; (4) the amount of time the no-evidence
motion had been on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery
which has already taken place; and (7) whether the discovery deadlines were specific or vague. Martinez v. City of San
Antonio, 40 S.W.3d 587, 591 (Tex. App.-San Antonio 2001, no pet. h.); Specialty Retailers, 29 S.W.3d at 145; Dickson
Constr., 5 S.W.3d at 356. Applying these factors to the case now before this Court, we find that the trial court did not
abuse its discretion by granting a no-evidence summary judgment prior to the conclusion of the discovery period. 

Application of the Factors

This case is a complex case involving allegations of subsurface hydrocarbon contamination, and by its nature would likely
require extensive discovery, a factor favoring appellants. However, the second factor, the nature of the evidence necessary
to controvert the no-evidence summary judgment, does not support a finding that the trial court abused its discretion.

In its motions, appellee stated that the appellants lacked evidence to support their allegations under theories of negligence,
negligence per se, gross negligence, res ipsa loquitur, trespass, and nuisance. As to the negligence, negligence per se,
gross negligence, and res ipsa loquitur theories, appellee argued that appellants lacked evidence of the following elements
of their causes of action: 1) standard of care; 2) breach of the standard of care; and 3) duty to appellants. As to the trespass
theory of recovery, appellee alleged that appellants lacked evidence of the physical entry of contaminants onto their
property. Finally, appellee asserted that there was no evidence of injury, harm and causation, as to appellants' nuisance
claim.

To counter the summary judgment motions under the negligence theories, appellants needed to show evidence of the
standard of care, breach of that standard, and duty to the appellants. An affidavit from the appellants' own expert would
have provided sufficient evidence to counter the motions for summary judgment, without the need for additional discovery.
For the trespass claim, appellants needed to show some evidence of the physical entrance of contaminants onto their
property; the subsurface contamination of their property is the basis of the appellants' lawsuit. This is information readily
available to the appellants without discovery, and would have been the subject of an investigation prior to the filing of a
lawsuit. Without evidence of contamination on their properties, appellants would have had no claim against appellees.
Affidavits by the appellants and reports by appellants' experts would have sufficed to show the entrance of contamination
onto the appellants' properties, thus preventing summary judgment as to the trespass claim. 

Appellee claimed, in the summary judgment motions, that appellants had no evidence of injury and causation on the
nuisance claims. Appellants should have had evidence of injury prior to the filing of a lawsuit. Affidavits by the appellants
themselves, detailing their injuries, would have prevented the granting of summary judgment on that element.

Although the nature of the evidence needed to prevent the no-evidence summary judgment on the above-discussed points is
not the type that would require further discovery, the nature of the evidence necessary to controvert the no-evidence
summary judgment motions on the element of causation is the type of evidence that requires discovery. In a case such as
this, involving alleged subsurface contamination, a plaintiff must show that the contaminant originated with the defendant
and then moved onto the plaintiff's property, causing the plaintiff's injury. Mitchell Energy Corp. v. Bartlett, 958 S.W.2d
430, 446 (Tex. App.-Fort Worth 1997, pet. denied). In cases involving toxic contamination, evidence of causation
generally comes from experts retained by the plaintiffs. See id.; Martinez, 40 S.W.3d at 592. Discovery would likely be
necessary for such experts to state an opinion, although much of this would likely be physical discovery. However,
although a no-evidence summary judgment on the element of causation would typically require discovery, in this particular
case appellants stated, in their motion for new trial, that the discovery that had not been completed consisted of depositions
of appellee's experts and a corporate representative, not the type of physical discovery that would typically be necessary to
show causation in a contamination case. Thus, the record indicates that, in this particular case, the nature of the discovery
necessary to oppose the summary judgment factor does not favor appellants.

The third factor developed by the appellate courts, the length of time the lawsuits have been active, favors the granting of
the summary judgment. The record indicates that the cases were active for at least three years before the summary
judgment motions were filed and granted. Appellee did not request stricter deadlines for discovery. The record is unclear
as to the amount of discovery which had already taken place at the time the summary judgment was granted; however, it is
noteworthy that enough discovery had been taken in the related southern plume case to allow that case to be taken to trial. It
is likely that at least some of the elements of the claims raised in the case now before this court were common to both
lawsuits.

We are unable to determine the discovery deadlines from the record before us; however, as discussed above, the trial court
had stayed all discovery about one month prior to granting the no-evidence summary judgment, a factor that we find
favorable to appellants' challenge to the summary judgment. Finally, the summary judgment motions were filed two
months before being granted, giving appellants adequate time to marshal evidence necessary to overcome the motions.

Although some of the factors would favor a finding of inadequate time for discovery, upon consideration of the factors as a
whole, we conclude that the trial court did not abuse its discretion by granting the no-evidence summary judgment prior to
the completion of discovery by the parties. Issue number two is overruled.

Quasi Estoppel

In their third issue, appellants assert that the doctrine of quasi estoppel barred summary judgment in this case. Quasi
estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by
him. Atkinson Gas Co. v. Albrecht, 878 S.W.2d 236, 240 (Tex. App.-Corpus Christi 1994, writ denied). The doctrine
applies when it would be unconscionable to allow a person to maintain a position inconsistent with one in which he
acquiesced, or of which he accepted a benefit. Id.; Steubner Realty 19, Ltd. v. Cravens Rd. 88, Ltd., 817 S.W.2d 160, 164
(Tex. App.--Houston [14th Dist.] 1991, no writ); El Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd., 548
S.W.2d 942, 948 (Tex. Civ. App.--El Paso 1977, no writ). 

In the case now before this Court, appellants argue that appellee judicially admitted, in a motion to dismiss or abate, that
contamination leaked from underground storage tanks located on appellee's property. Appellee had filed the motion to
abate or dismiss arguing that jurisdiction over this matter was properly before the Texas Natural Resource Conservation
Commission, and therefore, the trial court should abate or dismiss the case pending the outcome of the administrative
proceedings before the commission. Appellants argue that, having admitted to the existence of a contamination leak in an
attempt to have this case abated or dismissed, appellee is now precluded by the doctrine of quasi estoppel from denying the
leak.

Appellants direct us to no case law applying the doctrine of quasi estoppel to statements contained in pleadings before a
trial court. Quasi estoppel is an affirmative defense. Rogers v. Cont'l. Airlines Inc., 41 S.W.3d 196, 198 (Tex.
App.-Houston [14th Dist.] 2001, no pet. h.); Hays v. Shell Oil Co., 986 S.W.2d 772, 775 (Tex. App.-Corpus Christi 1999,
pet. denied); see Atkinson Gas Co. 878 S.W.2d at 239-40. Without discussing the propriety of a plaintiff raising an
affirmative defense in a situation such as this, we note that affirmative defenses must be plead before the trial court. Tex.
R. Civ. P. 94. If an affirmative defense is not pleaded, it is waived. Kinnear v. Tex. Comm'n on Human Rights, 14 S.W.3d
299, 300 (Tex. 2000). Appellants did not plead their affirmative defense before the trial court; therefore they waived any
claim of quasi estoppel. (8) Further, appellants did not raise this issue to the trial court as is necessary to preserve a
complaint for appeal. See Tex. R. App. P. 33.1. Issue number three is overruled.

Chevron

Appellee challenges Chevron's standing to appeal the summary judgment. Chevron filed a notice of appeal and a brief, and
argued the case before this Court. Finding that Chevron lacks standing, we dismiss its issues on appeal.

Standing is a component of subject matter jurisdiction and cannot be waived. Texas Ass'n of Bus. v. Air Control Bd., 852
S.W.2d 440, 445-46 (Tex. 1993). A party must show that its interest has been prejudiced before it has standing to appeal.
Gorman v. Gorman, 966 S.W.2d 858, 864 (Tex. App.-Houston [1st Dist.] 1998, pet. denied). The appellant bears the
burden of making a prima facie showing of prejudice. Id. An appealing party may not complain of errors that do not affect
its rights. Texas Workers' Comp. Ins. Fund v. Mandlbauer, 988 S.W.2d 750, 752 (Tex. 1999). 

Chevron fails, both in its appellate brief and in its reply brief, to demonstrate that it has an interest that is prejudiced by the
granting of the summary judgment. At the time the summary judgment was granted, Chevron and appellee did not have
any cross-claims filed against each other, the summary judgment does not dispose of appellants' claims against Chevron,
nor does the judgment adjudicate any liability on Chevron's part. Chevron is not liable as a result of the summary
judgment. We do not find that Chevron has standing to challenge the judgment in favor of appellee. See Gorman, 966
S.W.2d at 865-66 (no standing found for defendant appealing a summary judgment granted in favor of a co-defendant,
when summary judgment did not assign appealing defendant any liability and no cross-claims had been filed between the
defendants). Because Chevron lacks standing to appeal the summary judgment, we do not address the issues raised in its
brief.

The judgment of the trial court is AFFIRMED.


 

LINDA REYNA YAÑEZ

Justice




Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

23rd day of August, 2001.

1. Appellants are a group of people who contend that they have been harmed by an alleged leakage from a gasoline storage
tank.

2. Trial court cause numbers C-4570-95-F, C-4597-92-E, C-4566-95-B, C4565-95-A, C-4568-95-D.

3. Cause number C-4565-95-A.

4. Phillips Properties, Inc. was also a defendant in cause numbers C-4597-92-E and C-4566-95-B. 

5. The causes dismissed by this summary judgment were assigned trial court cause number C-4565-95-A-1.

6. This order is somewhat problematic, in that it states it was signed on January 31, 1999, which is clearly an incorrect date.

7. On the order, the space for the date of the summary judgment hearing is left blank, and it is unclear when the trial court
actually considered the summary judgment motion.

8. We also note that the motion to abate or dismiss filed by appellee does not admit responsibility for any contamination.
The motion refers to allegations by the appellants and urges that such matters are properly subject to the jurisdiction of the
Texas Railroad Commission and Texas Natural Resources Conservation Commission.