COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

MARIA
DEL REFUGIO CERVANTES, Indiv.      )

and as Representative of the Estate of TOMAS     )

ROGELIO
RETANA, and as Next Friends of  )

TOMAS
ROGELIO RETANA CERVANTES, )

DANIELA
ANALI RENTANA CERVANTES,      )

BLANCA
ABIGAIL RETANA CERVANTES,      )

VIANEY
ANGELICA RETANA                       )

CERVANTES,
Minor Children, EDGAR          )

ALEJANDRO CERVANTES, GUSTAVO       )              No.  08-01-00174-CV

ALONSO
HERNANDEZ, PETRA VALLES    )

VALDEZ, ROGELIO RETANA
MELENDEZ,      )                         
Appeal from the

EMETERIO
HERNANDEZ, ROBERTO        )

HOLGUIN,
ROBERTO HOLGUIN, JR.,        )            
County Court at Law #7

BENITO
MERJIL, JUAN LUIS MERJIL, JOSE  )

JESUS
MUNOZ BADILLO, DANIEL              )           
of El Paso County, Texas

MURILLO,
IGNACIO MURILLO, JOSE       )

ANTONIO
REYES, and MANUEL VENZOR, )                
(TC# 2001-877)

                                                                              )

Appellants,                       )

                                                                              )

v.                                                                           )

                                                                              )

GOODYEAR
TIRE AND RUBBER                 )

COMPANY,                                                        )

                                                                              )

Appellee.                          )

 

 

O
P I N I O N

 

This is an
appeal from the granting of summary judgment. 
For the reasons stated, we affirm.

 








Tomas
Rogelio Retana (ARetana@) and others were involved
in a bus accident in January 1998.  The
first group of Appellants, Maria Del Refugio Cervantes, Tomas Rogelio Retana Cervantes, Daniela Anali Retana Cervantes, Blanca Abigail Retana
Cervantes, Vianey Angelica Retana
Cervantes, Edgar Alejandro Cervantes, Gustavo Alonso Hernandez, Petra Valles Valdez, and Rogelio Retana
Melendez, are Retana=s heirs, beneficiaries,
and/or relatives.  The second group of
Appellants, Emeterio Hernandez, Roberto Holguin, Roberto Holguin, Jr.,
Benito Merjil, Juan Luis Merjil,
Jose Jesus Munoz Badillo, Daniel Murillo, Ignacio
Murillo, Jose Antonio Reyes, and Manuel Venzor, were
injured in the bus accident.[1]

Appellants
originally filed suit against the bus operator, Golden Star Tours, Inc. (AGolden Star@) and its driver, Manuel E.
Avila (AAvila@) in August 1998.  Appellee, Goodyear
Tire and Rubber Company (AGoodyear@), and other parties were joined in the lawsuit in
January 2000.  Goodyear filed its motion
to transfer venue with original answer in March 2000.  Appellants settled with Golden Star and Avila
in April 2000.

Goodyear
filed its no-evidence motion for summary judgment in February 2001.  Appellants filed a response on February 28,
2001, in which they argued that Goodyear had not yet responded to their
requests for disclosure.  Appellants did
not attach any controverting evidence to the
motion.   Instead they argued that
summary judgment should be denied because an adequate time for discovery had
not passed.  

On March
5, 2001, Goodyear filed its motion to quash Appellants= notice of oral deposition
of 

 








a company
representative.  The trial court granted
Goodyear=s no-evidence summary judgment on March 7, 2001.  On March 12, 2001, the trial court denied
Appellants= motion for continuance. 
This appeal follows.

Appellants
bring four issues on appeal.  Appellants
do not directly attack the trial court=s granting of the
no-evidence summary judgment motion. 
Instead, Appellants argue they have had inadequate time to conduct
discovery.  A trial court=s determination that there
has been an adequate time for discovery is reviewed under an abuse of
discretion standard.  McClure v. Attebury, 20 S.W.3d 722, 729 (Tex.App.--Amarillo
1999, no pet.); Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex.App.--Houston [14th Dist.] 2000, pet. denied); Dickson
Const., Inc. v. Fidelity & Deposit Co. of Maryland, 5 S.W.3d 353, 357 (Tex.App.--Texarkana 1999, pet. denied).  A trial court abuses its discretion when it
acts arbitrarily, unreasonably or without reference to any guiding rules or
principles.  City of
Brownsville v. Alvarado, 897 S.W.2d 750, 754 (Tex. 1995); Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 243 (Tex. 1985).  The question of whether a nonmovant
has had an adequate time for discovery under Rule 166a(i) is case specific. Tempay, Inc. v. TNT Concrete & Constr.,
Inc., 37 S.W.3d 517, 522 (Tex.App.--Austin 2001,
pet. denied); McClure, 20 S.W.3d at 729.








To
determine whether adequate time for discovery has passed, appellate courts have
considered the following non-exclusive list of factors:  (1) the nature of the case; (2) the nature of
the evidence necessary to controvert the no-evidence summary judgment; (3) the
length of the time the case was active; (4) the amount of time the no-evidence
motion had been on file; (5) whether the movant had
requested stricter deadlines for discovery; (6) the amount of discovery which
has already taken place; and (7) whether the discovery deadlines were specific
or vague.  Martinez v. City of San
Antonio, 40 S.W.3d 587, 591 (Tex.App.--San
Antonio 2001, pet. denied); Specialty Retailers, Inc., 29 S.W.3d at 145;
Dickson Constr., Inc., 5 S.W.3d at 356.

In
Issue No.
One, Appellants allege that Appellee failed to answer
their Requests for Disclosure, filed a Motion to Quash the deposition of a
company representative, and failed to answer Interrogatories and Requests for
Production.

In
Issue No.
Two, Appellants argue that the trial court did not issue a Docket Control Order
or an Order setting the case for trial. 
Appellants assert that Rule 190 of the Texas Rules of Civil Procedure Arequires discovery control
plans in all cases filed on or about January 1, 1999.  For cases filed before this date, the trial
court may adopt appropriate discovery control plans.@  This suit was filed August 21, 1998, before
the implementation of the new discovery rules. 
Tex.R.Civ.P. 190, adopted eff. Jan. 1, 1999, by
order of Nov. 9, 1998, Misc. Docket No. 98-9196, 977 S.W.2d 39.  Thus, there is no affirmative duty placed
upon the trial court in this case to issue a discovery control plan or to set a
trial date.  The authority cited by
Appellants supports this position. 
Moreover, the trial court has the inherent authority to control the
disposition of cases on its docket.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 240 (Tex. 2001).  The trial court did not abuse its discretion
in failing to issue a docket control order or in failing to set a trial
date.  Issue No.
Two is overruled. 

In
Issue No.
Three, Appellants argue that the trial court erred in failing to grant their
motion for continuance.








No
continuance shall be granted Aexcept for sufficient cause supported by affidavit, or
by consent of the parties, or by operation of law.@  Tex.R.Civ.P. 251.  We will not disturb the trial court=s denial of a motion for
continuance except for a clear abuse of discretion.  Villegas v. Carter,
711 S.W.2d 624, 626 (Tex. 1986); Verkin v.
Southwest Ctr. One, Ltd., 784 S.W.2d 92, 94 (Tex.App.--Houston
[1st Dist.] 1989, writ denied).  If a motion for continuance is not verified
or supported by affidavit, the appellate court will presume the trial court did
not abuse its discretion in denying the motion. 
City of Houston v. Blackbird, 658 S.W.2d 269, 272 (Tex.App.--Houston [1st Dist.] 1983, writ dism=d)(court of appeals must presume trial court did not
abuse its discretion in denying motion for continuance not verified, as
required by Tex.R.Civ.P. 251, 252).  This presumption is rebuttable,
not absolute.  Thrower
v. Johnston, 775 S.W.2d 718, 720-21 (Tex.App.--Dallas
1989, no writ).  In this case,
Appellants filed an unverified motion for continuance.  Therefore, we presume that the trial court
did not abuse its discretion in denying the motion.  See Blackbird, 658
S.W.2d at 272.  Issue
No. Three is overruled.








In
Issue No.
Four, Appellants allege that the trial court denied their right to a jury trial
when it granted Appellee=s motion for summary
judgment.  The Texas Constitution
provides, AThe right of trial by jury
shall remain inviolate.@  Tex.Const. art. I, ' 15.  The right to a jury trial in civil cases is
not absolute, but rather is regulated by rules specifying its
availability.  Green
v. W.E. Grace Mfg. Co., 422 S.W.2d 723, 725 (Tex. 1968).  The purpose of the summary judgment rule is
not to provide trial by affidavit, but rather to provide a method of summarily
terminating a case when it clearly appears that only questions of law are
involved and that there are no genuine issues of fact.  Port Distrib.
Corp. v. Fritz Chem. Co., 775
S.W.2d 669, 670 (Tex.App.--Dallas 1989, writ dism=d by agr.).  The rule does not deprive litigants of a jury
trial where there exists a material question of fact. When a party cannot show
a material fact issue, there is nothing to submit to a jury, and the grant of
summary judgment to the opposing party does not violate the constitutional
right to a jury trial.  Querner Truck Lines, Inc. v. Alta Verde Indus.,
Inc., 747 S.W.2d 464, 469 (Tex.App.--San Antonio
1988, no writ); Carrabba v. Employers Cas. Co., 742 S.W.2d 709, 717
(Tex.App.--Houston [14th Dist.] 1987, no writ); Mills
v. Rice, 441 S.W.2d 290, 292 (Tex.Civ.App.--El
Paso 1969, no writ); see also 68 Tex.Jur. 3rd Summary Judgment
' 3 (1989)(summary
judgment procedure does not infringe right to trial by jury).

Here,
Appellants failed to bring forth more than a scintilla of probative evidence to
raise a genuine issue of material fact as to an essential element of the nonmovant=s claim on which the nonmovant
would have the burden of proof at trial. 
Tex.R.Civ.P. 166a(i).  As noted,
Appellants did not attach any controverting evidence
to their response.  Thus the trial court
did not err in granting Goodyear=s no-evidence summary judgment motion and did not deny
Appellants their right to a jury trial.  Issue No. Four is overruled.

We affirm
the judgment of the trial court.

 

 

June 27, 2002

DAVID
WELLINGTON CHEW, Justice

 

Before Panel No. 5

McClure,
J., Chew, J., and Preslar, C.J. (Ret.)

Preslar, C.J. (Ret.)(Sitting by assignment)











[1] We will refer to both
groups collectively as AAppellants.@