COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO.
2-01-257-CV

FIRST SELECT CORPORATION       
           
           
           
           
 APPELLANT
V.
RON GRIMES       
           
           
           
           
           
           
 APPELLEE
------------
FROM THE PROBATE COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
This is an appeal from a final judgment granting a defendant relief on
his no-evidence summary judgment motion and on his usury counterclaim. Appellant
First Select Corporation ["First Select"] sued Appellee Ron Grimes
["Grimes"] in the amount of $7,920.97 for non-payment of a credit card
debt. First Select alleged that it had acquired Grimes' credit card account from
a predecessor company, Bank of America, and that it subsequently entered into a
contract with Grimes in which he promised to pay for the account under terms of
a written account agreement. Grimes' position in the trial court was that he had
never made any charges to or obtained cash advances from the credit card after
it was acquired by First Select and that he was therefore not bound to pay
interest at the 21.24% annual percentage rate charged by First Select.
The trial court granted summary judgment in favor of Grimes after he
moved for a no-evidence summary judgment on the grounds that there was no
evidence supporting four elements of First Select's claim:

 1. The existence of a valid contract;
 2. Performance or tendered performance by First Select;
 3. Breach of contract by Grimes; and
 4. Damages to First Select resulting from Grimes' alleged breach.

The court also granted Grimes' summary judgment on his counterclaim,
which alleged First Select had attempted to collect a debt on the basis of a
usurious interest rate.
Four issues are presented by First Select on appeal:

 1. The trial court misapplied the standard of proof necessary to
 defeat a no-evidence motion for summary judgment;
 2. The trial court should not have rendered judgment against First
 Select as there was sufficient evidence to defeat the no- evidence motion for
 summary judgment filed by Grimes;
 3. The trial court erred in the award of damages to Grimes as no
 evidence was presented to support any award of damages; and
 4. The trial court erred in not continuing or denying Grimes'
 no-evidence motion for summary judgment because adequate time for discovery
 had not been allowed.

We will affirm in part and reverse and remand in part.
Application of the No-Evidence Summary Judgment
Standard
We begin with First Select's claim in issues one and two that the trial
court misapplied the standard of proof necessary to defeat a no-evidence summary
judgment motion and erred in granting Grimes' motion.
After an adequate time for discovery, the party without the burden of
proof may, without presenting evidence, move for summary judgment on the ground
that there is no evidence to support an essential element of the nonmovant's
claim or defense. Tex. R. Civ. P. 166a(i). The motion must
specifically state the elements for which there is no evidence. Id.;
In re Mohawk Rubber Co., 982 S.W.2d 494, 497-98 (Tex. App.--Texarkana 1998,
orig. proceeding). The trial court must grant the motion
unless the nonmovant produces summary judgment evidence that raises a genuine
issue of material fact. See Tex. R. Civ. P. 166a(i) cmt.; Moore
v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet.
denied); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 71
(Tex. App.--Austin 1998, no pet.).
A no-evidence summary judgment is essentially a pretrial directed
verdict, and we apply the same legal sufficiency standard in reviewing a
no-evidence summary judgment as we apply in reviewing a directed verdict. Frazier
v. Yu, 987 S.W.2d 607, 610 (Tex. App.--Fort Worth 1999, pet. denied);
Moore, 981 S.W.2d at 269. We review the evidence in the light
most favorable to the party against whom the no-evidence summary judgment was
rendered, disregarding all contrary evidence and inferences. Szczepanik
v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). If the nonmovant
brings forward more than a scintilla of probative evidence that raises a genuine
issue of material fact, then a no-evidence summary judgment is not proper. Moore,
981 S.W.2d at 269.
As noted above, Grimes alleged in his summary judgment motion that
there was no evidence supporting four elements of First Select's cause of
action: (1) the existence of a valid contract; (2) performance or
tendered performance by First Select; (3) breach of contract by Grimes; and (4)
damages to First Select resulting from Grimes' breach. With respect to the
second and third elements, viewing the evidence in the light most favorable to
First Select, there is no evidence of the terms of any agreement between Bank of
America (the predecessor bank) and Grimes, and no evidence that Grimes made any
purchases or obtained cash advances from the credit card subsequent to First
Select's acquisition of the account. In fact, First Select's counsel admitted in
the trial court that he was not in possession of any evidence establishing the
requisite link between Bank of America and Grimes:

 [Counsel for First Select]: At this point in time I do not see
 anything from my clients that show[s] there was an agreement between Bank of
 America and Ron Grimes and I don't contest that, but I do ask that the Court
 allow us some time to contact Bank of America so we can get that particular
 document.

Notwithstanding the lack of a copy of the written agreement, First
Select argues that Grimes in effect admitted the existence of his contractual
obligation by his response to a written request for admission posed by First
Select. In that response Grimes admitted that he "has promised to pay
[First Select] for the charges on the credit card and/or cash advances issued or
provided by [First Select] to [Grimes]." That admission, however, was not
tantamount to an admission by Grimes that he in fact had, following the
agreement, made charges to or obtained cash advances from First Select. It was
Grimes' position that he never used the credit card after First Select acquired
it from Bank of America and that he was never therefore bound by the 21.24%
interest rate charged by First Select, and there was no evidence presented by
First Select to the contrary. First Select's pleadings required it to prove one
of two things: (1) use of the card by Grimes following First Select's
acquisition of the account and subsequent agreement with Grimes under the 21.24%
annual interest calculation; or (2) a prior agreement by Grimes with Bank of
America to pay the 21.24% annual interest rate for purchases or cash advances.
Here, there was no evidence of either. Under these circumstances we believe the
trial court correctly applied the no-evidence summary judgment standard. Issues
one and two are overruled.
Grimes' Counterclaim
In issue three First Select argues the trial court erred in awarding
Grimes the sum of $23,762.91 on his counterclaim for usurious interest. We
agree. As movant on his usury counterclaim, Grimes bore the burden of producing
evidence justifying the award of damages under a legal standard where all doubts
are resolved against him. See Univ. of Tex. Health Sci. Ctr. v.
Big Train Carpet, 739 S.W.2d 792, 792 (Tex. 1987).
Here, there was no evidence justifying the trial court's award of usury damages.
The court apparently arrived at the $23,762.91 figure by awarding Grimes three
times the amount of ($7,920.97). First Select sought to collect from Grimes,
without regard to the fact there was no evidence showing the respective division
of the $7,920.97 between principal and interest. E.g.,
Tex. Fin. Code Ann. § 305.001(a) (Vernon Supp. 2003). On appeal, Grimes does
not dispute the impropriety of the award, but suggests that the case can be
reversed and remanded for new trial on the question of damages without
overturning the entire summary judgment. We agree.
Grimes' counterclaim presented an issue independent from that raised in
his no-evidence summary judgment motion. Issue three is sustained to allow
Grimes' counterclaim to proceed to trial.
Failure to Continue the Summary Judgment
Hearing
In its final issue, First Select argues that the trial court erred in
considering Grimes' motion for summary judgment because adequate time for
discovery had not been allowed. Rule 166a requires as a
prerequisite to the filing of a motion for summary judgment on no-evidence
grounds the passage of an "adequate time for discovery." Tex.
R. Civ. P. 166a(i).
Reviewing courts will not disturb the trial court's determination that
there has been adequate time for discovery absent an abuse of discretion.
Dickson Constr., Inc. v. Fid. and Deposit Co. of Md., 5 S.W.3d 353, 356
(Tex. App.--Texarkana 1999, pet. denied). The record reflects that First Select
filed suit on July 10, 2000, and that Grimes' counterclaim and
no-evidence motion for summary judgment were filed on April 12, 2001. The only
indication that First Select was not satisfied that an adequate time for
discovery had passed prior to the filing of the summary judgment motion was when
the issue was raised in its reply to the summary judgment motion. There, First
Select alleged two reasons why an adequate time for discovery had not yet passed
in the case: (1) Grimes had not yet sought discovery of his contractual
agreement with First Select; and (2) First Select had not been permitted
adequate time to seek discovery in reference to Grimes' counterclaim for usury
damages. Those same issues are now presented on appeal.
With respect to the first allegation, adoption of First Select's
argument would necessarily require us to find that Grimes was required to
actually conduct discovery before filing his no-evidence summary judgment
motion. Rule 166a requires no such thing. It requires only that the motion be
filed after an adequate time for discovery has passed. Tex. R. Civ.
P. 166a(i). We therefore reject First Select's contention that the
trial court was required to continue the hearing and order Grimes to conduct
discovery.
The remaining argument advanced by First Select on appeal is that it
had insufficient time to conduct discovery on Grimes' usury counterclaim.
Because we have previously ruled under issue three that the trial court erred in
granting judgment on the counterclaim, and will remand that issue for trial,
First Select will have the opportunity to conduct further discovery on that
claim, should it so desire. (2) To the extent
that issue four presents a complaint concerning First Select's lack of discovery
on Grimes' usury counterclaim, issue four is overruled as moot. In all other
respects, issue four is overruled on its merits.
The trial court's summary judgment on Grimes' counterclaim is reversed
and the case is remanded for trial on that issue. The summary judgment is
affirmed in all other respects.
 
DAVID L. RICHARDS
JUSTICE
 
PANEL A: HOLMAN, WALKER, JJ.; and DAVID L. RICHARDS, J. (Sitting by
Assignment).
 
[Delivered January 23, 2003]

1. Tex. R. App. P. 47.4.
2. Because this suit involves less than $50,000, it is a
"Level 1" case. The discovery period begins when the suit is filed and
continues until 30 days before the date set for trial. See
Tex. R. Civ. P. 190.2(c)(1).